**SEALED**

# United States District Court

__NORTHERN__ DISTRICT OF __TEXAS__

NORTHERN DISTRICT OF TEXAS
FILED
APR 27 2016
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES OF AMERICA

V.                                                        **COMPLAINT**

FRANCISCO GAMBOA                          CASE NUMBER: 3-16-MJ-340-BN

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __April 26, 2016__, in the Dallas Division of the Northern District of Texas, defendant(s) did,

> knowingly and intentionally possess with the intent to distribute methamphetamine, a controlled substance,

in violation of Title __21__, United States Code, Section(s) __841(a)(1) and (b)(1)(C)__.

I further state that I am a(n) __Task Force Officer with the Drug Enforcement Administration (DEA)__ and that this complaint is based on the following facts:

> See attached Affidavit of Task Force Officer Jason Ford which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:   __XX__ Yes    No

_____
Signature of Complainant
JASON FORD
Task Force Officer, DEA

Sworn to before me and subscribed in my presence, on this 27 day of __April__, 2016, at Dallas, Texas.

DAVID L. HORAN
__UNITED STATES MAGISTRATE JUDGE__
Name & Title of Judicial Officer                    Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT
## VIA CRIMINAL COMPLAINT

I, Jason Ford, being duly sworn, depose and state as follows:

## PREFACE

The following affidavit is furnished to support an application for an arrest warrant, via criminal complaint, charging **Francisco Gamboa** for possession with intent to distribute methamphetamine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## BACKGROUND

1. I am a Dallas Police Officer assigned to the Narcotics Division. I have been a police officer for 25 years, and assigned to Narcotics for 13 years. I am also a Task Force Officer (TFO), with the Drug Enforcement Administration (DEA), assigned to Dallas, Texas. I have been a TFO for more than 12 years.

2. I have attended classes and courses conducted by the DEA, the U.S. Attorneys Office, and other government agencies regarding the conduct of various criminal activities by persons and/or groups who illegally import, distribute and sell illegal narcotics. I have participated in a number of drug trafficking, money laundering, and organized crime investigations conducted by the DEA and other law enforcement agencies, which resulted in the arrest of numerous subjects, the seizure of property and assets, and the seizure of controlled substances. As a result of my training and experience, I am familiar with how persons and/or groups, who illegally import, traffic, distribute, and sell narcotics use various criminal enterprise schemes to conduct their activities. I have also directed, supervised or participated in numerous searches of residences and businesses of suspected drug traffickers for evidence of criminal activity.

3. I have also become knowledgeable in the enforcement of state and federal laws pertaining to narcotics and dangerous drugs. Based on this experience, I have become well-versed in the methodology utilized in narcotics trafficking operations, the unique trafficking patterns employed by narcotics organizations, and their patterns of drug distribution. I have also interviewed convicted drug dealers on numerous occasions. Based upon this experience, I have become knowledgeable of the methods and modes of narcotics operations and the language and patterns of drug abuse and trafficking, including the related money laundering.

4. This affidavit sets forth facts and suggests reasonable inferences from those facts establishing that there is probable cause to believe that on April 26, 2016, in the Dallas Division of the Northern District of Texas, **Francisco Gamboa** knowingly possessed with intent to distribute methamphetamine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

5. The information contained in this affidavit is based on my personal knowledge and experience, my personal participation in this investigation, and information obtained from other law enforcement officers and/or agents involved in this investigation. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) has been committed by **Gamboa**.

## FACTS AND CIRCUMSTANCES

6. On March 1, 2016, your Affiant began an investigation involving **Francisco Gamboa's** involvement in distributing methamphetamine in Dallas, Texas. Information of **Gamboa** and his methamphetamine distribution was brought to your Affiant from an informant

who has been indicted and sentenced in the Northern District of Texas. This informant has provided information in the past that has led to arrests and seizures of cocaine.

7. On March 1, 2016, your Affiant and informant made a recorded call to arrange a one ounce of methamphetamine purchase from **Gamboa**. **Gamboa** and the informant agreed to meet on Gaston Avenue in Dallas, Texas to make the exchange. The informant was wearing an audio recording device on this incident. Photos were taken by your Affiant as the informant entered the vehicle driven by **Gamboa** to make the exchange. The informant immediately turned the methamphetamine over to your Affiant following the buy. This methamphetamine was field tested and found positive for the presence of methamphetamine.

8. On April 26, 2016, another buy was arranged with the informant and **Gamboa**. Again a telephone call was recorded arranging the transaction. Text messages between the informant and **Gamboa** were also saved as evidence that led to finalize the methamphetamine transaction. Plans were made to meet near I-30 and East Grand Avenue in Dallas to conduct the transaction for five ounces of methamphetamine for $2,400. Surveillance was established at the meet location prior to the informant and your Affiant arriving, who were in the same vehicle. The informant was equipped with a recording device and searched prior to this transaction. Upon arrival by the informant and Affiant, **Gamboa** had just walked into the restaurant where the arranged meeting was to occur. Once **Gamboa** returned to his vehicle the informant exited Affiant's vehicle and got into **Gamboa's** truck, parked next to Affiants vehicle. The informant stepped out of **Gamboa's** vehicle after a short conversation with **Gamboa** and walked to the rear of **Gamboa's** truck and retrieved a bag from the bushes. **Gamboa** had instructed the informant that he had placed the drugs there. Affiant observed the informant, and also listened to the

recorded conversation and heard **Gamboa** telling the informant to do so. The informant then brought the bag of methamphetamine to Affiant's vehicle and gave it to Affiant. Affiant handed the informant $2,400 of pre-photographed currency. The informant returned to **Gamboa's** vehicle and gave **Gamboa** the $2,400. The informant then returned and asked Affiant for $100 more, stating that **Gamboa** now wanted $2,500 for the methamphetamine. Affiant refused so the informant was forced to tell **Gamboa** that he would owe for the extra $100. **Gamboa** then drove his vehicle from the parking lot to I-30 westbound.

9.  Surveillance units as well as marked Dallas County Sheriff Department Deputies followed **Gamboa** and stopped him as he exited Main Street in downtown Dallas. **Gamboa** was then arrested by the Dallas Sheriff Department Deputies and transported to the Dallas Field Division of DEA.

10. Your Affiant and fellow Task Force Officer Jose Fonseca advised **Gamboa** of his *Miranda* warnings. **Gamboa** stated that he understood his rights and agreed to speak with Task Force Officers Ford and Fonseca; however **Gamboa** desired that the camera be turned off during the interview. **Gamboa** admitted to possessing and selling the informant the five ounces of methamphetamine for $2,400 and stated that he was to make $500 on this transaction. **Gamboa** stated that when contacted by the informant for the 5 ounces, he was already holding 3 ounces and that he and an associate picked up the other 2 ounces earlier on that same day. **Gamboa** stated that he was selling drugs to make money. **Gamboa** however would not discuss the identities of his sources of methamphetamine for fear of retaliation to him and his family members. The $2,400 of pre-photographed money was all recovered in the pocket of

**Gamboa's** pants.   **Gamboa** admitted that he had been arrested in the past for possession of a large amount of heroin and had just received probation.

## CONCLUSION

11.   Based on the foregoing, together with my training and experience, I believe that there is sufficient probable cause to believe that on April 26, 2016, **Francisco Gamboa** knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Jason Ford
Task Force Officer - DEA

Sworn to and subscribed before me this 27th day of April, 2016.

DAVID L. HORAN
United States Magistrate Judge
Northern District of Texas